IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS, LLC<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT – CLASS ACTION |

Plaintiff James Everett Shelton ("Plaintiff"), on behalf of himself and all other similarly situated individuals alleges the following claims against Defendants Comcast Corporation and Comcast Cable Communications, LLC (collectively "Comcast"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.  This class action seeks remedies under the FCRA against Comcast on behalf of consumers whose credit reports were procured by Comcast without a permissible purpose or consent after receiving telephone solicitations from Comcast. Comcast consciously engaged in this conduct as a matter of practice to surreptitiously obtain consumer's credit reports without their knowledge resulting in an invasion of privacy to consumers and harm to their credit reputation and scores.

## THE PARTIES

2.  Plaintiff is an adult individual residing in King of Prussia, Pennsylvania.

3. Defendant Comcast Corporation is a Delaware corporation with its principal place of business in Philadelphia, PA.

4. Defendant Comcast Cable Communications, LLC is a Delaware corporation with its principal place of business in Philadelphia, PA and is a wholly owned subsidiary of Comcast Corporation.

## JURISDICTION & VENUE

1. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendants possess sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

5. On or about June 22, 2018, Comcast contacted Plaintiff via telephone in an attempt to solicit Plaintiff to purchase services through Comcast.

6. During the call, Plaintiff was never advised that Comcast desired to review his credit report, nor did Plaintiff consent in any respect to have his credit report accessed and reviewed by Comcast.

7. Notwithstanding the above, Plaintiff was then shocked to learn that Comcast had initiated an inquiry to access his Equifax credit report without his consent or knowledge.

8. On or about June 27, 2018, Plaintiff contacted Comcast to advise that he never consented to have his credit report accessed by Comcast, and demanded that Comcast request removal of the June 22nd hard inquiry from Plaintiff's Equifax credit file.

9. Comcast, however, not only failed to request removal of the initial inquiry from June 22nd, it consciously initiated a second hard inquiry of Plaintiff's Equifax credit report on June 27th.

10. In both instances, Comcast falsely certified that it was inquiring into Plaintiff's credit report for an extension of credit when no such permissible purpose existed, and Plaintiff had not otherwise consented to the review of his credit report.

11. Comcast as such had no lawful purpose for accessing Plaintiff's consumer report.

12. Comcast's actions resulted in a severe invasion of Plaintiff's privacy and caused harm to Plaintiff's credit reputation and score.

13. Comcast routinely and systematically obtains credit reports of consumer during telephone solicitations with no permissible purpose or written consent, resulting in unlawful credit inquiries on these consumers.

14. Comcast further has received complaints and had previous legal actions filed against it for the same transgressions, but Comcast nonetheless continues its practice of illegally procuring consumer reports in violation of the FCRA.

15. At all times pertinent hereto, Comcast was acting by and through its affiliates, subsidiaries, agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Comcast.

16. At all times pertinent hereto, the conduct of Comcast, as well as that of its affiliates, subsidiaries, agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of the FCRA and the rights of Plaintiff.

17. As a result of Comcast's conduct, Plaintiff and members of the Putative Class have suffered concrete injuries including but not limited to: invasion of privacy, informational injuries,

and harm to credit reputation and score, increased risk of identity theft, and consequential anxiety and emotional distress.

## CLASS ACTION ALLEGATIONS

18. Pursuant to FED. R. CIV. P. 23, Plaintiff brings this action on behalf of the Class initially defined below:

> All natural persons residing in the United States, who received a telephone solicitation from Comcast, whose consumer reports displays an inquiry by Comcast and for which Comcast has no open account or record of an application for an account within the last five years.

19. Excluded from the class are Comcast and any entities in which Comcast has a controlling interest, Comcast's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

20. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

21. **Numerosity.** The members of the Putative Class are so numerous that the individual joinder of all of its members is impracticable. Upon information and belief, Comcast has performed thousands of impermissible inquiries of consumer's credit reports in connection with telephone solicitations each year, and those persons' names and addresses are identifiable through documents maintained by Comcast. While the exact number and identities of the members of the Putative Class are unknown to Plaintiff at this time, this information can be ascertained through appropriate discovery.

22. **Commonality.** Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to: whether Comcast obtained consumer reports without

a permissible purpose in violation of the FCRA and whether Comcast acted willfully or negligently in disregard of the rights of consumers.

23.     **Typicality.**  Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same or similar claims for statutory and punitive damages that he seeks for absent class members.

24.     **Adequacy.**  Plaintiff is an adequate representative of the Putative Class.  Plaintiff's interests are aligned with and are not antagonistic to the interests of the members of the Putative Class.  Plaintiff has retained competent and experienced counsel in such litigation, and he intends to prosecute this action vigorously.  Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

25.     **Predominance & Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Comcast's conduct. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by the Comcast's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proofs in a unified proceeding.

## COUNT I – CLASS CLAIM
## VIOLATIONS OF THE FCRA

26.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

27.     Comcast's conduct occurring on June 22, 2018 as described above violates 15 U.S.C. § 1681b(f) by obtaining a consumer report knowingly and recklessly without a permissible purpose and without authorization from Plaintiff and the Class members.

28.     The foregoing violations were willful. Comcast knew or should have known that it was not authorized to request Plaintiff's and the Class members' credit reports and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members.

29.     Plaintiff and the Class are entitled to statutory damages pursuant to 15 U.S.C. § 168ln(a)(l)(A).

30.     Plaintiff and the Class are entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

31.     Plaintiff and the Class are further entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

32.     Alternatively, Comcast's violations were negligent and Plaintiff seeks issue certification based on Comcast's negligence under Fed. R. Civ. P. 23(c)(4).

## COUNT II – PLAINTIFF INDIVIDUALLY
## VIOLATIONS OF THE FCRA

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. Comcast's conduct occurring on June 27, 2018 as described above violates 15 U.S.C. § 1681b(f) by obtaining a consumer report knowingly without a permissible purpose and without authorization from Plaintiff and the Class members.

35. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Comcast is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on users of consumer reports pursuant to 15 U.S.C. § 1681b(f) as set forth above.

36. The conduct of Comcast is a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Comcast is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

    A.    An order certifying the proposed class as to Count I herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned as class counsel;

    B.    Judgment against Comcast as to Count I for statutory and punitive damages pursuant to 15 U.S.C. § 1681n;

    C.    Alternatively, in accordance with Fed. R. Civ. P. 23(c)(4), an order certifying the Class as to Count I on the issue that Comcast's conduct was negligent pursuant to 15 U.S.C. § 1681o;

    D.    Judgment against Comcast as to Count II for statutory, actual and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

    E.    Attorneys' fees, expenses and costs; and

    F.    Such other relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted,

**GORSKI LAW, PLLC**

BY:    */s/ Gregory Gorski*
          GREGORY GORSKI, ESQUIRE
          1635 Market Street, Suite 1600
          Philadelphia, PA 19103
          (215) 330-2100

Attorneys for Plaintiff

Dated:   April 2, 2020